**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ROBIN M. ROBINSON,**

Plaintiff,

**v.**                                                        **CIVIL ACTION NO. 3:22-cv-49
(GROH)**

**UNKNOWN NAMED SPECIAL AGENT,
MICHAEL NORDWAL, US DEPARTMENT
OF VETERANS AFFAIRS, DENNIS
MCDONOUGH, KENNETH
ALLENSWORTH, THOMAS MICHAEL,
BRITTANY STRITE, BERKELEY COUNTY
SHERIFF'S DEPARTMENT, CURTIS
KELLER, WILLIE JOHNSON, AJ WEIDMAN,
RYAN KOLB, CITY HOSPITAL, INC.,
WVU MEDICINE: BERKELEY MEDICAL
CENTER, RYAN LIVENGOOD, GWEN
HENRY, DR. RAJA MOGALLAPU, VALLEY
HEALTH SYSTEMS INC. VALLEY HEALTH
INTERNAL MEDICINE, JEAN BRIDWELL,
EASTRIDGE MENTAL HEALTH CENTER
INC., DR. JAFAR ALMASHAT, MD., DR.
ABDUL HAMEED, and DR. FEZAN RIZVI,**

Defendants.

**REPORT AND RECOMMENDATION**

## I.      INTRODUCTION

Pending before the Court is pro se Plaintiff Robin M. Robinson's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. §

---

[1] This Motion was referred to the undersigned by order on March 24, 2022. ECF No. 4.

1915(e)(2)(B). Because the undersigned concludes that Plaintiff's Complaint lacks jurisdiction, fails to state a claim for relief, and is frivolous, the undersigned recommends that Plaintiff's Complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed In Forma Pauperis and various other motions be DENIED as moot.

## II.    THE COMPLAINT

On March 23, 2022, pro se Plaintiff filed an eighty-six-page Complaint against twenty-three Defendants ranging from doctors and health centers to law enforcement and the U.S. Department of Veteran Affairs. However, throughout her pleading, there was one Defendant that Plaintiff mentioned frequently, "Unknown Named Special Agent" of the Federal Bureau of Investigation ("FBI").[2]

Plaintiff alleges that she and this unknown agent met in September 2019 at the Martinsburg VA Medical Center. Plaintiff then alleges that she had some form of a sexual relationship with him, which turned abusive and terminated in February 2020. Plaintiff claims that the special agent inserted an implant into her head while she was sleeping. Since then, Plaintiff claims the special agent has been torturing her by controlling the implant in her head. Plaintiff also asserts that this unknown agent was remotely hacking or logging into her computer, phone, bank accounts, emails, credit card and apple accounts, causing her to have to reset her passwords daily and create new accounts. Plaintiff contacted 911 several times and law enforcement officers were dispatched on multiple occasions, some of whom are named Defendants. They were unable to assist Plaintiff and did not launch an investigation into her claims.

The remainder of Plaintiff's Complaint, while often rambling and incoherent,

---

[2] Plaintiff also refers to the "Unknown Named Special Agent" under the alias of "Robert Joseph Buffey."

details several medical visits with various doctors, a few of whom are named Defendants. During some of these appointments, Plaintiff sought medical confirmation that an implant was inside her head. She also sought relief from severe pain and discomfort that she was feeling throughout her body, which she attributes to the alleged implant in her head. The doctors would tell her that the scans looked normal, and she would then seek another opinion.

Plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Despite the lengthy narrative contained in her initial pleading, Plaintiff only references specific federal statutes (or causes of action) on her civil cover sheet and the first page of her complaint. Specifically, Plaintiff cites to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), 42 U.S.C. § 1983, 42 U.S.C. § 291, and 42 C.F.R. § 124.601 in her Complaint and 18 U.S.C. § 2340A, 42 C.F.R. § 482.13, 22 U.S.C. § 2702, 28 U.S.C § 1346, and 28 U.S.C. § 2672 on her civil cover sheet.

For relief, in addition to compensatory damages, Plaintiff requests that Defendant Unknown Named Special Agent "immediately cease and desist from all engagement with the implant" in her head; that Plaintiff be ensured "every God given right as a US citizen, to be free of torture, oppression, slander, to have life, liberty, and to pursue happiness; that she "be proficiently educated regarding the implant in [her] head;" and that "the medical Malpractice with regards to [her] overall treatment cease." ECF No. 1 at 86. Plaintiff also filed a Motion [ECF No. 7] and Amended Motion [ECF No. 8] for Emergency Injunction, and a Motion [ECF No. 9] requesting Appointment of Counsel.

### III.   <u>LEGAL STANDARD</u>

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. <u>Id.</u> The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. <u>See</u> 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. <u>See</u> <u>Michau v. Charleston Cnty., S.C.</u>, 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke</u>, 490 U.S. at 325. A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." <u>Id.</u> at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); <u>see also</u> <u>Brickwood Contractors, Inc. v.</u>

4

Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, 28 U.S.C. § 1915(e)(2)(B)(ii) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. Therefore, in order for a complaint to survive dismissal for failure to state a

claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)).

## IV.   DISCUSSION

The undersigned recommends dismissal of Plaintiff's Complaint because (1) the Court lacks subject matter jurisdiction; (2) Plaintiff has failed to state a claim upon which relief can be granted, and (3) Plaintiff's allegations are frivolous.

### A.   Jurisdiction

Only certain types of cases may be filed in federal district court. In order to properly rule on a lawsuit, a federal district court must be able to exercise jurisdiction over the parties and particular claims raised in a complaint. Because Plaintiff chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. A federal district court may exercise subject matter jurisdiction over cases that involve a "federal question" or those cases that involve a controversy exceeding $75,000 between citizens from different states. See 28 U.S.C. §§ 1331 and 1332. Under the Federal Rules of Civil Procedure, the Court may dismiss a case at any time if the court determines that the case lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that this Court has § 1331 "federal question" jurisdiction. In order to base subject matter jurisdiction on "federal question" jurisdiction under § 1331, the civil case must "aris[e] under the Constitution, laws, or treaties of the United States." However, establishing "federal question" jurisdiction is more limited and difficult than the "arising under" language might suggest. See Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 807-08 (1986). The question of whether a claim "arises under" federal law is

determined by the well-pleaded complaint rule. Id. at 808. The well-pleaded complaint rule requires that the federal question appear on the face of a properly pleaded complaint; otherwise, the court lacks federal question jurisdiction. See Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001). In other words, a plaintiff must specifically allege facts on the face of the complaint that satisfy a cause of action created by federal law. Merrell Dow Pharm., 478 U.S. at 808. Federal question jurisdiction, however, "may not be premised on the mere citation of federal statutes." Weller v. Dep't of Soc. Servs. for City of Balt., 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff cites several federal statutes as a basis for federal question jurisdiction. On the first page of her Complaint, Plaintiff cites to Bivens, 42 U.S.C. § 1983, 42 U.S.C. § 291, and 42 C.F.R. § 124.601. On her civil cover sheet, Plaintiff cites to 18 U.S.C. § 2340A, 42 C.F.R. § 482.13, 22 U.S.C. § 2702, 28 U.S.C § 1346, and 28 U.S.C. § 2672. As will be explained in detail below, many of these federal statutes and regulations do not present a cognizable civil claim against Defendants in this matter.

First, Plaintiff cites to 18 U.S.C. § 2340A, presumably for the purpose of alleging that the "Unknown Named Special Agent" violated this statute by torturing her with the implant in her head. Section 2340A criminalizes torture outside the United States; it does not provide "civil redress for torture within the United States." Renkel v. United States, 456 F.3d 640, 644–45 (6th Cir. 2006); Scott v. F.B.I., 2021 WL 3578318, at *1 (M.D. Pa. July 15, 2021). Thus, Plaintiff has failed to assert a cognizable civil cause of action under § 2340A against any named Defendant.

Second, 42 C.F.R. § 482.13 is a federal regulation dealing with patient rights that sets forth requirements for providers to participate in Medicare. It does not create a

private right of action. See Cornerstone Therapy Servs. v. Reliant Post Acute Care Sols., 2016 WL 6871440, at *8 (W.D. Va. Nov. 21, 2016) (holding that § 482.13 does not create a private right of action and dismissing any related claim). Accordingly, this regulation does not confer the Court federal question jurisdiction.

Third, 22 U.S.C. § 2702 pertains to actions for malpractice purportedly committed by physicians who work for the State Department or another federal department, agency, or instrumentality. See Barrera v. Honor Health Emergency Ctr. - Deer Valley, 2021 WL 4896525, at *2 (D. Ariz. Oct. 5, 2021). As was the case in Barrera, there is also no indication here that the physicians named as Defendants in this action work for the State Department or any other federal department, agency, or instrumentality. While Plaintiff did name the U.S. Department of Veteran Affairs as a Defendant, specifically referring to the Martinsburg VA Medical Center, Plaintiff was an employee of the VA rather than a patient. Thus, § 2702 is inapplicable and does not confer the Court subject matter jurisdiction over Plaintiff's claims as to any named Defendant.

Fourth, 42 U.S.C. § 291 is a declaration of purpose for the subchapter, and that purpose is to assist the States in the construction and modernization of community hospitals, to furnish adequate health services, and promote medical research. 42 C.F.R. § 124.601, a regulation within the subchapter, "applies to any recipient of Federal assistance under title VI or XVI of the Public Health Service Act that has given an assurance that it would make the facility . . . available to all persons residing (and, in the case of title XVI assisted applicants, employed), in the territorial area it serves." On its face, the cited code section and regulation provide no actionable claim for Plaintiff. See Long v. Thomason, 2014 WL 266206, at *5 (S.D. Ala. Jan. 6, 2014) (finding the

plaintiff's asserted claim under § 291 unenforceable and frivolous). But, even if § 291 and/or § 124.601 do generally provide some form of a private right of action under narrow circumstances,[3] this particular cause of action is not applicable to Plaintiff's case based on the specific facts alleged in the Complaint. The mere citation of a statute and regulation in a Complaint, without supporting facts, does not grant this Court jurisdiction.

Lastly, Plaintiff cites two sections related to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2672, 1346(b). Section 2672 simply confers certain government officials with the power to settle claims for money damages against the United States. Section 1346(b)(1) generally authorizes suits for money damages against the United States for:

> "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b)(1).

"It is well established that FTCA claims may only be brought against the United States, not the agencies or employees of the United States," and certainly not state actors or civilians. See Walters v. Smith, 409 F. App'x 782, 783 (5th Cir. 2011). Because Plaintiff has not named the United States as a party, this Court does not have jurisdiction over her FTCA claim. See Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (stating that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of

---

[3] "A private party may bring an action, acting as a 'private attorney general,' to ensure a hospital's compliance with the Hill–Burton Act but is limited to enforcing the hospital's assurances and may not seek personal relief." Wey v. Evangelical Cmty. Hosp., 833 F. Supp. 453, 465 (M.D. Pa. 1993) (referencing 42 U.S.C. §§ 291 et seq. and 42 C.F.R. §§ 124.601 et seq.).

jurisdiction"). Moreover, the "FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). "This requirement is jurisdictional and cannot be waived." Id. Plaintiff has not alleged facts demonstrating that she has exhausted her administrative remedies. Thus, her FTCA claim, whatever it may be, is subject to dismissal for lack of subject matter jurisdiction.

Plaintiff's remaining claims under 42 U.S.C. § 1983 and Bivens may be considered by the Court under federal question jurisdiction and will be addressed in the next section. However, all other statutes and regulations cited by Plaintiff cannot serve as a basis for subject matter jurisdiction in this Court for the reasons previously discussed and any claims relying on such statutes or regulations should be dismissed.

### B.      Failure to State a Claim

Dismissal is also proper because Plaintiff's Complaint characteristically fails to include sufficient factual matter to state any plausible claim against any Defendant. The complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Twombly, 550 U.S. at 570. In order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of her claim." Bass, 324 F.3d at 765 (citing Dickson, 309 F.3d at 213).

### 1.   Section 1983

First, Plaintiff has failed to state a § 1983 claim against any Defendant. In order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) a person (2) acting under color of state law (3) deprived her of rights guaranteed by the

Constitution or federal law. Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). To be sued under § 1983, a defendant "must either be a state actor or have a sufficiently close relationship with state actors that a court would conclude that [it] is engaged in the state's actions." Cox v. Duke Energy Inc., 876 F.3d 625, 632 (4th Cir. 2017) (internal quotations omitted).

Of all the named Defendants in this action, the only ones that fit the bill of "state actor" are the Berkeley County Sheriff's Department and its employees: Curtis Keller (acting in his official capacity as Sheriff), Willie Johnson (acting in his official capacity as Captain), and AJ Weidman and Ryan Kolb (acting in their official capacities as Deputies). All other non-state actor Defendants in this action should be dismissed as to any § 1983 claims Plaintiff may have sought to assert against them.

"Plaintiffs alleging constitutional injuries may bring suits under Section 1983 against municipalities for unconstitutional actions taken by their agents and employees." Santos v. Frederick Cty. Bd. of Comm'rs, 725 F.3d 451, 469 (4th Cir. 2013). "Likewise, a plaintiff may bring a Section 1983 action against [local] governmental officials in their official capacity," which for purposes of a § 1983 suit, is treated as a suit against the municipality. Id. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal quotations and citations omitted). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." Id.

Plaintiff has sued Defendants Keller, Johnson, Weidman, and Kolb solely in their "official" capacities. Plaintiff has also sued the local entity that employs them, the

Berkeley County Sheriff's Department, which the undersigned will liberally construe for purposes of this initial screening as a suit against the proper defendant: the Berkeley County Council. See Pulse v. Layne, 2013 WL 142875, at *4-6 (N.D.W. Va. Jan. 11, 2013). In other words, Plaintiff's § 1983 claims against these five Defendants are somewhat duplicative and essentially can be lumped into claims against the applicable entity: the Berkeley County Council.

A municipality is only subject to liability under § 1983 if an identifiable municipal policy or custom caused, or played a part in, the alleged constitutional injury. Riddick v. Sch. Bd. of City of Portsmouth, 238 F.3d 518, 522 (4th Cir. 2000); Santos, 725 F.3d at 469–70. "The requirement that the allegedly unconstitutional act stems from an established municipal policy or the actions of a final policymaker ensures that the municipality is responsible for the alleged violations of a plaintiff's constitutional rights." Santos, 725 F.3d at 470. However, a governmental entity and its officials sued in their official capacities may not be held liable for constitutional violations committed by its employees pursuant to a theory of respondeat superior. See Riddick, 238 F.3d at 522 (stating that "a municipality cannot be held liable simply for employing a tortfeasor"); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir.1987) ("municipalities are not liable under respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship.").

In this case, Plaintiff fails to allege any municipal policy or custom that played a part in any violation of her federal rights that would satisfy an official capacity claim against Defendants Keller, Johnson, Weidman, and Kolb or a claim against the entity itself. And on an even more basic level, Plaintiff's allegations do not implicate a violation

12

of a constitutional or federal right necessary to maintain a § 1983 claim against Defendants. She does not assert what legal right she has been deprived of, if any, because of the actions of any state actor named as a Defendant.

Because Plaintiff fails to state a claim upon which relief can be granted, her § 1983 claims should be DISMISSED without prejudice against all Defendants. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Bivens

Second, Plaintiff has failed to state a Bivens claim against any Defendant. Bivens claims are only cognizable against federal officials in their individual capacities. Vinson v. F.B.I., 2003 WL 23712096, at *1 (W.D. Va. Feb. 25, 2003). "A Bivens action does not lie against either federal agencies or officials acting in their official capacities." Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002); see also Daskalakis v. FBI, 2011 WL 1900439, at *6 (D. Idaho Apr. 28, 2011) (dismissing the plaintiff's Bivens claims against state and private defendants as well as the FBI and federal officials being sued in their official capacities as improper defendants). In Plaintiff's Complaint, the only federal official being sued in his individual capacity is Defendant "Unknown Named Special Agent."[4] Plaintiff also names two other federal officials as Defendants, Michael Nordwal and Dennis McDonough, without specifying whether she is suing them in their official or individual capacities. Any other Bivens claims Plaintiff may be asserting against all other Defendants should be dismissed.

---

[4] Plaintiff has sued Defendant Unknown Named Special Agent in his official and individual capacity. Plaintiff has also sued the following federal VA employees solely in their official capacities: Kenneth Allensworth, Thomas Michael, and Brittany Strite. For the reasons previously stated, the undersigned recommends that any official capacity Bivens claim raised against these Defendants be dismissed.

In the style of the case, Plaintiff lists Defendant Michael Nordwal as the special agent in charge of the FBI Pittsburgh Field Office, and Dennis McDonough as the United States Secretary of Veteran Affairs.[5] As federal officials in positions of leadership, Plaintiff's presumptive attempt to hold them liable as supervisors under Bivens for the actions of the "Unknown Named Special Agent" (as to Nordwal) or the actions of a federal VA employee (as to McDonough) must fail.

"To be held liable under Bivens, the defendant must have participated personally in the alleged wrongdoing; liability cannot be premised upon a theory of vicarious liability or respondeat superior." Anderson v. Gates, 20 F. Supp. 3d 114, 124 (D.D.C. 2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff fails to allege any individual conduct on the part of Defendant Nordwal or Defendant McDonough to state an actionable claim against them. In fact, the only time these two names appear in the entire eighty-six-page Complaint is in the style of the case on the first page. Accordingly, the undersigned recommends the dismissal of any Bivens claims asserted against Defendants Michael Nordwal and Dennis McDonough.

The undersigned will next turn to the allegations raised against Defendant Unknown Named Special Agent. Bivens recognizes "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). "To establish a Bivens

---

[5] The Court will construe Plaintiff's Complaint as an action against Denis McDonough, the United States Secretary of Veteran Affairs. Plaintiff misspells his name as "Dennis" and describes his role as the "Martinsburg VA Medical Center Secretary."

14

claim, a plaintiff must specify the unconstitutional acts each defendant committed to deprive plaintiff of a federal right, show the defendant's personal involvement in denying [plaintiff] his or her federal right, and establish a causal connection to the harm alleged." Burns v. Gutierrez, 2007 WL 2362738, at *4 (N.D. W. Va. Aug. 15, 2007).

Plaintiff claims that while she was sleeping, the "Unknown Named Special Agent" inserted an implant into her head. Since then, Plaintiff claims the special agent has been torturing her by controlling the implant in her head. Plaintiff also asserts that this unknown special agent was remotely hacking or logging into her computer, phone, bank accounts, email accounts, credit card accounts, and apple accounts, causing her to have to reset her passwords daily and create new accounts.

These bizarre allegations fail to state an actionable Bivens claim. The Supreme Court has recognized a Bivens action in three contexts: for violations of the Fourth Amendment search and seizure clause, Bivens, 403 U.S. at 388; for violations of the Fifth Amendment Due Process Clause resulting from sex discrimination in the workplace, Davis v. Passman, 442 U.S. 228 (1979); and for violations of the Eighth Amendment prohibition on cruel and unusual punishment. Carlson v. Green, 446 U.S. 14 (1980). But outside of those contexts, the Court has been reluctant to imply a Bivens remedy. Wilson v. Libby, 535 F.3d 697, 705 (D.C. Cir. 2008).

While Plaintiff has failed to plainly assert what constitutional violations have been committed against her, liberally construed, Plaintiff may be attempting to assert a violation of the Eighth Amendment for her allegations of torture and a violation of the Fourth Amendment for her allegations of a federal official hacking into her electronic devices and accounts. The Eighth Amendment prohibits the infliction of "cruel and

15

unusual punishment." U.S. Const. amend. VIII. Torture at the hands of a federal official certainly falls under the umbrella of cruel and unusual punishment;[6] however, for purposes of Plaintiff's <u>Bivens</u> claim, she would need to be incarcerated during this alleged torture. <u>See</u> <u>Dickerson v. Duncan</u>, 2020 WL 86456, at *3 (W.D. Va. Jan. 7, 2020) (noting "Eighth Amendment protections attach only after conviction and sentence"). Plaintiff was not incarcerated at the time the implant was allegedly inserted into her head, nor was she incarcerated during the alleged torture by the "Unknown Named Special Agent" of the FBI. Thus, to the extent Plaintiff asserts a <u>Bivens</u> claim against this Defendant on Eighth Amendment grounds, her claim would fail and should be dismissed.

Likewise, if Plaintiff meant to assert a <u>Bivens</u> claim against Defendant on Fourth Amendment grounds, her claim would also fail. In 2019, the Fourth Circuit declined to extend a <u>Bivens</u> remedy under the Fourth Amendment to the new context of high-level government officials unlawfully surveilling plaintiffs through their electronic devices. <u>See</u> <u>Attkisson v. Holder</u>, 925 F.3d 606 (4th Cir. 2019). Part of the Fourth Circuit's reasoning in doing so included that "a claim based on unlawful electronic surveillance presents wildly different facts and a vastly different statutory framework" from the sort of warrantless search and arrest claims presently available under <u>Bivens</u>. <u>Id.</u> at 621. The court also noted that "Congress has legislated extensively in the area of electronic surveillance and intrusions into electronic devices without authorizing . . . a Fourth Amendment violation in such circumstances," providing "sound reasons to think

---

[6] Punishments of torture are forbidden under the Cruel and Unusual Punishments Clause of the Eighth Amendment. <u>Graham v. Fla.</u>, 560 U.S. 48, 59 (2010).

Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." Id. at 621-22.

While the undersigned recognizes that the present case asserts claims against one unknown low-level federal agent instead of the sort of high-level officials sued in Attkisson v. Holder, most of the Fourth Circuit's reasoning remains relevant, informative, and binding on this Court. See Attkisson v. Bridges, 2021 WL 6123267, at *2, 4 (D. Md. Dec. 27, 2021) (noting that the court is bound by the precedent set in Attkisson v. Holder and dismissing a similar Fourth Amendment Bivens claim brought against a *low-level* federal agent defendant who allegedly used software programs to access the plaintiffs' devices). Given the Fourth Circuit's decision in Attkisson v. Holder, the undersigned recommends that this Court decline to extend Plaintiff a Bivens remedy under the Fourth Amendment to the similarly new context of a government official remotely hacking into a plaintiff's electronic devices and accounts. As such, Plaintiff has failed to state an actionable Bivens claim against Defendant "Unknown Named Special Agent." Accordingly, the undersigned recommends that Plaintiff's Bivens claims be dismissed for failure to state a claim as to all named Defendants, pursuant to § 1915(e)(2)(B)(ii).

### C.    Frivolous

Finally, the undersigned has reviewed Plaintiff's Complaint pursuant to § 1915(e)(2)(B)(i) and recommends that it should be dismissed as frivolous. When screening an initial filing to assess the merits of a complaint, courts must "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing on the frivolity of a claim." Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004).  In general,

however, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. An action has no arguable factual basis when the allegations are fantastic or delusional scenarios or rise to the level of the irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The *in forma pauperis* statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 32.

The wholly incredible and delusional factual allegations set forth in Plaintiff's Complaint rise to the level of irrationality that requires dismissal. The Complaint makes delusional references to a microchip implant in her head. In fact, according to the Complaint, two of the Plaintiff's doctors, Dr. Almashat and Dr. Rizvi, even described Plaintiff's mental state as "delusional." See ECF No. 1 at 29, 38. Plaintiff then goes on to allege this unknown agent of the FBI has been remotely torturing her by "engaging" the implant in her head and hacking into her electronic devices.

Federal courts have dismissed factually similar complaints as frivolous, and the undersigned recommends that this Court do the same. See Scott, 2021 WL 3578318, at *2 (finding "the plaintiff's allegations of a 'brain control interface,' operated remotely by federal agents to inflict severe pain on him from a great distance, to be fanciful, fantastic, delusional, irrational, and wholly incredible, and thus factually frivolous"); Montgomery v. Comey, 300 F. Supp. 3d 158, 168-69 (D.D.C. 2018) (finding allegations that government officials hacked the plaintiffs' personal cell phones and computers were frivolous, warranting dismissal, in Bivens action alleging that government officials violated Fourth Amendment rights); Maxey v. Brown, 2015 WL 925792, at *3 (E.D. Cal.

Feb. 24, 2015) (noting that the court is not required to accept as true plaintiff's allegation that satellite microchips were implanted into his infant brain or that the FBI and doctors have all conspired to torture him); Navarrete v. Sheriff's Dep't of City of Monterey Park, 2014 WL 2611736, at *1-2 (C.D. Cal. Apr. 24, 2014) (finding the plaintiff's complaint frivolous when it alleged a "rambling, largely incomprehensible narrative describing the alleged electronic monitoring and torture of Plaintiff" caused by an implanted microchip in his shoulder); Gary v. U.S. Gov't, 540 F. App'x 916, 916-918 (11th Cir. 2013) (affirming the district court's dismissal of the plaintiff's complaint as frivolous in action against government officials and agencies, which alleged that the defendants implanted microchips into her body that caused her injury and pain); Spence v. U.S. C.I.A., 2007 WL 4963165, at *1 (E.D.N.C. Apr. 25, 2007) (holding that the plaintiff's complaint, which alleged that he was implanted with unwanted microchips by the CIA and that the medical institutions he visited collaborated with the government, was frivolous, finding the claims to be delusional and wholly irrational).

Because this Complaint as a whole is completely irrational, delusional, and lacks any arguable factual basis, the undersigned finds that the Complaint is frivolous and recommends dismissal under § 1915(e)(2)(B)(i).

### D.    Motion for Emergency Injunction

Plaintiff filed a Motion [ECF No. 7] for Emergency Injunction on April 20, 2022. She then filed an Amended Motion [ECF No. 8] for Emergency Injunction on April 26, 2022. In her Amended Motion, Plaintiff asks the Court to "order defendant, unknown named special agent to cease and desist all engagement with the implant in [her] head." ECF No. 8. Plaintiff requests similar relief in her Complaint as well.

19

Federal Rule of Civil Procedure 65 authorizes federal courts to issue temporary restraining orders or preliminary injunctions. The standard for granting both is the same. Moore v. Kempthorne, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (internal citations omitted). Both are "extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, 245 F.3d 335, 339 (4th Cir. 2001). The party seeking the preliminary injunction must demonstrate that: (1) she is likely to succeed on the merits of the case; (2) she is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in her favor; and (4) an injunction would be in the public interest. Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013).

The undersigned finds that Plaintiff has failed to make the requisite showing under any of the four requirements necessary for this Court to provide equitable relief. Considering the undersigned has recommended the dismissal of Plaintiff's Complaint, which requests the same injunctive relief as this Motion, the undersigned finds that Plaintiff is unlikely to succeed on the merits of her case. Accordingly, Plaintiff's Motion and Amended Motion for Emergency Injunction should be DENIED.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Complaint lacks jurisdiction, fails to state a claim for relief, and is frivolous. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**, Plaintiff's Motion [ECF No. 7] for Emergency Injunction be **DENIED AS MOOT,** Plaintiff's Amended Motion [ECF No. 8] for Emergency Injunction be

**DENIED,** and Plaintiff's Motion [ECF No. 9] requesting Appointment of Counsel be **DENIED AS MOOT.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** May 9, 2022

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE